## KENNEDY v. MISSISSIPPI VALLEY BARGE LINE CO.

#### Civ. No. 5887.

District Court, W. D. Pennsylvania.

Oct. 18, 1946.

Schlesinger & Schlesinger and Hymen Schlesinger, all of Pittsburgh, Pa., and Harvey Parker, Jr., of Vanceburg, Ky., for plaintiff.

Dalzell, McFall, Pringle & Bredin and John R. Bredin, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The plaintiff has served written interrogatories upon the defendant, "Mississippi Valley Barge Line Co.", relying apparently upon Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The defendant is alleged to be a corporation and a corporation cannot testify. Rule 33 provides: "Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf."

■ Counsel for defendant has objected to certain of the 38 interrogatories, but has not based his objection upon the fact that an officer of defendant, not the defendant, is required to answer under oath, therefore the court passes by the failure of the interrogatories to designate an officer competent to testify.

The rules relating to discovery, under Rules 26, 33 and 34, as they exist at this time in the Third Circuit, are set forth in Hickman v. Taylor, 153 F.2d 212.

■ Many of the interrogatories would seem to be under Rule 26 rather than Rule 33, but as Rule 26 requires that leave of court be obtained prior to the answer, and the interrogatories were filed without leave of court prior to the answer, we must assume that plaintiff's counsel is proceeding under Rule 33.

■ The objections of the defendant to Interrogatories Nos. 7, 16 and 17 are sustained. If material they should be made the subject of a petition under Rule 34. Also the 36th interrogatory really should be made under Rule 34, but the plaintiff is entitled to the information, and in the interest of speed objection to it will be overruled.

Many of the interrogatories are vague, and some demand information that must be known by defendant and which are probably unknown by an officer of the defendant. Nevertheless we overrule all objections except as to those, supra, as to which the objections have been sustained.